UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GEORGETTE G. PURNELL,

    Plaintiff,

v.

CITY OF SUNNYVALE POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 5:18-cv-02113-EJD

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 14

## I. INTRODUCTION

Plaintiff Georgette G. Purnell ("Purnell"), who is proceeding pro se, initiated this action asserting violations of her civil rights. Defendants City of Sunnyvale (the "City") and Officers Clyde Cheng ("Cheng") and Puaolena Reis ("Reis") move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike the prayer for punitive damages against the City of Sunnyvale pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for October 11, 2018 is vacated. For the reasons set forth below, Defendants' motion is granted in part.

## II. BACKGROUND[1]

In December of 2016, Purnell was involved in an altercation with the owners of the Patio Bar in Sunnyvale. Purnell contacted the Sunnyvale Police Department to make a report that she had been assaulted. Officer Cheng, however, arrested Purnell based upon the owners' account of the

---

[1] The Background is a summary of the allegations in Plaintiff's complaint and Exhibit "A" thereto. All well-pleaded allegations are accepted as true for purposes of ruling on the instant motion.

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

1

altercation. While being transported to the county jail, Purnell requested but was denied medical care for injuries sustained during the altercation.

Upon arrival at the county jail, Purnell repeated her request for medical care for her head and other injuries, to no avail. Nine jail guards assisted by Officer Cheng threw Purnell to the floor. Purnell's repeated requests to use the restroom we also denied. Purnell also asked to make a phone call.

Purnell was shackled and handcuffed for four to five hours. After eight to ten hours, Purnell was told she would be released if she signed a prepared statement. Plaintiff signed the statement under duress because she had to go to work the following day.

In her first claim, Purnell cites to the Civil Rights Act of 1866, 42 United States Code Sections 1981 and 1983, as well as the Eighth Amendment and alleges that Officers Reis and Cheng violated her rights by subjecting her to an illegal, unlawful and malicious arrest and brutality. She also alleges that she suffered a "[d]eprivation of basic human needs." Complaint, p. 4.

In her second claim, Purnell again cites to the Eighth Amendment and alleges that the nine jail guards, who are named as Doe defendants, also deprived her of "Basic Human Needs." *Id.*, p. 5. Plaintiff seeks one million dollars in damages for pain and suffering as well as punitive damages.

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "is proper only where there is no

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Pro se pleadings must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The Court, however, "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.* A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *See RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).

## IV. DISCUSSION

### A. Claim 1 against Officers Cheng and Reis

To the extent claim 1 is based upon 42 U.S.C. section 1981, the claim fails. There are no facts alleged to show that any defendant discriminated against Purnell on the basis of race.[2]

To the extent claim 1 is based upon 42 U.S.C. section 1983, Defendants contend that the claim must be dismissed because the Eighth Amendment is inapplicable until after conviction and sentencing. Although Defendants' statement of the law is correct (s*ee Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996)), Purnell's label of her claim is not dispositive. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 n. 2 (9th Cir. 1996) (the label

---

[2] Instead, the complaint includes an allegation that the owners of The Patio (who are not named as defendants) acted with racial animus.

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
3

1    plaintiff attaches to a cause of action is not dispositive; the court must examine factual allegations
2    to determine the nature of the claim). A pro se complaint should not be dismissed unless the court
3    finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which
4    would entitle him to relief." *Haines v. Kerner*, 404 U.S. at 521.

Liberally construed, Purnell's complaint includes sufficient factual allegations to state a Fourth Amendment claim for excessive force. *Pierce v. Multnomah*, 76 F.3d at 103. The Fourth Amendment requires police officers to use only an amount of force that is objectively reasonable in light of the circumstances facing them. *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). Among other things, Purnell alleges that she was thrown to the floor by nine jail guards "assisted by Police Officer Cheng." Dkt. 1, p. 9. At the pleading stage, this allegation is sufficient to plausibly claim that Officer Cheng committed a Fourth Amendment violation.

The complaint also includes allegations that suggest Officer Reis may have been deliberately indifferent to Purnell's medical needs. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). At present, however, there are insufficient facts alleged to support such a claim. Claim 1 is accordingly dismissed against Officer Reis with leave to amend.

B. Claim 2 against John Does

In her Opposition brief, Purnell states: "The complaint itself, in the interest of clarity, concerns only the two city police officers named, and not the city itself, nor the 9 [J]ohn [D]oes for lack of not knowing their names, along with efficiency in resolving this matter in a timely fashion without complexities." Dkt. 26, p.3. In light of Purnell's statement, the nine John Doe defendants and the City of Sunnyvale are dismissed from the lawsuit.

V.   **CONCLUSION**

For the reasons set forth above, Defendants' motion is GRANTED in part. The section 1981 claim is dismissed without leave to amend. In light of Purnell's statement in her opposition brief, the nine John Doe defendants and the City of Sunnyvale are dismissed and the motion to strike is deemed moot. Defendants' motion to dismiss the section 1983 claim is GRANTED as to Officer Reis and DENIED as to Officer Cheng.

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
4

Purnell may file and serve an amended complaint consistent with this Order no later than October 19, 2018.

**IT IS SO ORDERED.**

Dated: October 4, 2018

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
5