United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 5:18-cv-02113-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

## I. INTRODUCTION

Plaintiff Georgette G. Purnell ("Plaintiff"), who is proceeding *pro se*, initiated this action asserting violations of her civil rights. Individual defendants Officers Clyde Cheng ("Cheng") and Puaolena Reis ("Reis") move to dismiss the denial of medical care claim in the First Amended Complaint (Dkt. No. 36) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for February 21, 2019 is vacated. Having considered the motion, opposition[1] and reply briefs and for the reasons set forth below, Defendants' motion will be granted.

## II. BACKGROUND

Plaintiff's original complaint was dismissed with leave to amend. *See* Order Granting In Part Defendants' Motion To Dismiss ("Order"). In that Order, the court held that Plaintiff's complaint, when liberally construed, included sufficient facts to state a viable Fourth Amendment

---

[1] Plaintiff's motion to strike Defendants' motion to dismiss as untimely is denied. Defendants' motion was filed within 14 days after Plaintiff filed the First Amended Complaint and is timely. *See* Fed. R. Civ. P. 12(a)(4).

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

claim for excessive force. Order at p. 4 (*citing Pierce v. Multnomah*, 76 F.3d 1032 (9th Cir. 1996); and *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007)). The court also found that Plaintiff might have been attempting to assert a separate claim for deliberate indifference to medical needs against Reis, but any such potential claim was insufficiently pled. Accordingly, the court granted Plaintiff leave to amend to assert a claim for deliberate indifference to medical needs. *Id*. at pp. 4-5.

The First Amended Complaint sets forth the following allegations. In December of 2016, Purnell was involved in an altercation with the owners of the Patio Bar in Sunnyvale. Dkt. No. 36-1, p. 2. After Plaintiff was taken into custody and as she was being transported, she asked Reis for medical assistance for head injuries. *Id*. Reis ignored her request. *Id*.

Upon arrival at the county jail, Purnell asked Reis and Chen (collectively "Defendants") for medical care because her head was "throbbing in pain" and she could "feel several knots." *Id*. Defendants ignored her requests. *Id*. Thereafter, nine jail guards, assisted by Defendants, threw Plaintiff to the floor and held her down while repeatedly directing Plaintiff to "[s]top resisting, stop resisting," even though Plaintiff was not resisting. *Id*. Plaintiff could not resist because the officers had "their knees deep into the small of [her] back." *Id*. Plaintiff repeated her request for medical assistance, but Defendants ignored her. *Id*. Plaintiff also asked to use the restroom and to make a phone call. Defendants again ignored her requests. *Id*.

Plaintiff's claim is captioned as "Excessive Force; Deprivation of Basic Human Needs, Deprivation of serious medical need." Dkt. No. 36, p. 5. Plaintiff seeks an award of one million dollars in pain and suffering and emotional damages against each Defendant, as well as punitive damages. *Id*., p. 7.[2]

---

[2] Plaintiff attached Reis' and Chen's police reports of the incident to her original complaint, but did not attach them to her First Amended Complaint. The reports indicate that Plaintiff was arrested for violation of California Penal Code sections 242 (Battery), 647(f) (Drunk in Public), and 148(a)(1) (resisting, obstructing or delaying an officer in the performance of his or her duties). Dkt. No. 1, Ex. A.

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

## III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Pro se pleadings must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The Court, however, "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.* A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

## IV. DISCUSSION

Defendants cite to caselaw applying the Fourteenth Amendment to pretrial detainees' claims for denial of medical care and contend that Plaintiff's claim should be dismissed because Plaintiff has failed to state facts showing (1) that she suffered from any "serious medical need"; (2) that reasonable officers would have appreciated a "high degree of risk involved" in not providing Plaintiff medical treatment such that the consequence of denying medical treatment was

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

3

obvious; and (3) that Defendants recklessly disregarded the need for medical attention. Defendants' Motion, pp. 7-8 (Dkt. No. 38).

Claims regarding denial or deficient medical care during and immediately following an arrest, however, are analyzed under the Fourth Amendment, not the Fourteenth Amendment. *Mejia v. City of San Bernardino*, No. 11-452 VAP, 2012 WL 1079341, at *5 n. 12 (C.D. Cal. Mar. 30, 2012) (citing *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006)). "The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest care to an apprehended suspect." *Tatum*, 441 F.3d at 1099. In other words, law enforcement officers must "seek the necessary medical attention for a detainee when he or she has been injured while being apprehended." *Id*. While "[t]he Ninth Circuit has not prescribed the contours of what constitutes objectively reasonable post-arrest care to a suspect" (*Estate of Adomako v. City of Fremont*, No. 17-6386 DMR, 2018 WL 587146, at *5 (N.D. Cal. Jan. 29, 2018)), district courts have evaluated relevant factors such as the "prompt[ness]" of the care and the "seriousness of the need for medical care." *Espinoza v. California Highway Patrol*, No. 16-193 DAD, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016). Another relevant factor is whether the defendants had knowledge or notice of the medical need. *Cf. Lolli v. Cty. of Orange*, 351 F.3d 410, 420 (9th Cir. 2003) (pretrial detainee asserting claim for failure to provide care for serious medical conditions under the Fourteenth Amendment must show that officer knew of and was deliberately indifferent to substantial risk of serious harm detainee faced if not properly treated).

Here, Plaintiff's allegations lack sufficient factual details to state a claim for failure to provide medical care. First, Plaintiff fails to allege sufficient facts to establish that she suffered a serious injury. Plaintiff refers to an assault at the Patio Bar but only vaguely alleges that she "sustained injuries" to her head, that her head was "throbbing in pain," and that she felt "several knots." Dkt. No. 36-1, p. 2. Plaintiff similarly alleges in only vague and conclusory terms that she was injured at the Sunnyvale County Jail when she was "thrown" to the floor. *Id*. There are no facts alleged describing the nature, extent and severity of these alleged injuries. Second, Plaintiff fails to allege facts to show that an officer in Defendants' position knew or should have

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

known that Plaintiff's alleged injuries posed a serious risk to her health. Third, Plaintiff fails to allege sufficient facts to show that Plaintiff's injuries were so serious that Defendants knew or should have known that Plaintiff needed immediate medical help. *Tatum*, 441 F.3d at 1099 (due process requires officers to seek "necessary medical attention" for a detainee). In summary, Plaintiff has failed to allege sufficient facts to show that Defendants failed to provide "objectively reasonable post-arrest care." *Id*.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED with leave to amend. Purnell shall file and serve an amended complaint consistent with this Order no later than March 1, 2019. Failure to do so may result in dismissal of the action.

**IT IS SO ORDERED.**

Dated: February 13, 2019

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5