UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>　　　Plaintiff,<br><br>　v.<br><br>CITY OF SUNNYVALE POLICE DEPARTMENT, et al.,<br><br>　　　Defendants. | Case No. 5:18-cv-02113-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 52 |

## I. INTRODUCTION

Plaintiff Georgette G. Purnell ("Purnell"), who is proceeding pro se, initiated this action asserting violations of her civil rights. Defendants Officers Clyde Cheng ("Cheng") and Puaolena Reis ("Reis") move to dismiss Purnell's section 1983 claim for deliberate indifference to medical needs. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendants' motion will be granted.

## II. BACKGROUND[1]

In December of 2016, Purnell was involved in an altercation with the owners of the Patio Bar in Sunnyvale. SAC ¶ 1. Purnell contacted the Sunnyvale Police Department to make a report that she had been assaulted. *Id*. Officer Cheng, however, arrested Purnell based upon the owners' account of the altercation. *Id*. While being transported to the county jail, Purnell requested but

---

[1] The Background is a summary of the allegations in Plaintiff's SAC complaint and Exhibit "A" thereto. All well-pleaded allegations are accepted as true for purposes of ruling on the instant motion.
CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

was denied medical care for "some knots" she sustained during the altercation. *Id.* ¶¶ 2-3. Upon arrival at the county jail, Purnell repeated her request for medical care to no avail. *Id.* ¶¶ 4-5. Jail guards assisted by Officers Cheng and Reis threw Purnell against the wall and then to the floor. *Id.* Purnell's request to use the restroom was also denied. *Id.* ¶ 6. Purnell alleges that Defendants violated her constitutional rights because they used excessive force and were deliberately indifferent to her medical needs, as well as her basic human needs. *Id.* ¶¶ 7-8.

### III. STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Pro se pleadings must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The Court, however, "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The Court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.* A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

2

## IV. DISCUSSION

A pretrial detainee's claim for violation of the right to adequate medical care against individual defendants under the Fourteenth Amendment "must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). "[T]he elements of a pretrial detainee's medical care claim against an individual under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125. To prevail on such a claim, a plaintiff must show deliberate indifference to "serious medical needs." *Coldwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). "Such a need exists if failure to treat the injury or condition 'could result in further significant injury' or cause 'the unnecessary and wanton infliction of pain.'" *Id.*

Here, Purnell's allegations are insufficient to state a claim for deliberate indifference to a serious medical need. Purnell's allegations that she had been "viciously assaulted," sustained injuries, had "some knots" and "tremendous pains" (SAC ¶¶ 1, 2, 4) are too vague. The SAC also lacks sufficient facts to establish the third element, namely that Defendants Reis and Cheng failed to take reasonable available measures to abate the risk to Purnell, even though a reasonable official in their circumstance would have appreciated the "high degree of risk" to Purnell and that the consequences of Defendants' conduct were obvious. Nor are there sufficient allegations to support a plausible inference that Defendants caused Purnell injuries.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the claim for deliberate indifference to medical needs is GRANTED without leave to amend. Purnell has had several opportunities to state a valid claim (Complaint, First Amended Complaint and SAC), and therefore

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

any further attempts at amending the claim are likely to be futile.

**IT IS SO ORDERED.**

Dated: June 28, 2019

                                      EDWARD J. DAVILA
                                      United States District Judge

CASE NO.: 5:18-cv-02113-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4