UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 5:18-cv-02113-EJD<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 104 |

Pro se Plaintiff Georgette G. Purnell brought this action against Defendants Clyde Cheng and Puaolena Reis (collectively "Defendants") for violations of her civil rights under 42 U.S.C. § 1983 arising out of her arrest of December 30, 2016. Now before the Court is Defendants' Motion for Summary Judgment, Or Alternatively, Partial Summary Judgment Pursuant to Rule 56 of the Federal Rule of Civil Procedure. Dkt. No. 104. The Court took the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is GRANTED.

**I.   Background**

In December 2016, Ms. Purnell finished her work shift and met up with co-workers at the Patio Bar in the City of Sunnyvale. Dkt. No. 104-2, Tran Decl. Ex. A ("Purnell Depo."), p. 110-111. Ms. Purnell bought a drink and began playing pool with her co-workers in the back of the bar. *Id.* at 114. Her co-workers were drinking liquor they had bought elsewhere and brought with them to the bar and, after a short while, the bartenders from the Patio Bar asked the group to leave because outside liquor was not permitted. *Id.* at 115. As she was leaving, Ms. Purnell got into an altercation with the owners of the Patio Bar, Rebecca and Thomas Jones. *Id.* at 115-117. The

details of the altercation are disputed, however, there is no dispute that Ms. Purnell was pushed up against a wall and then thrown on the floor and kicked. *Id.* at 117. Ms. Purnell kicked her way out of the scuffle, kicked Rebecca Jones "one more time," and then left the bar. *Id.* at 139.

Ms. Purnell began walking away from the bar and called the police. She said her name was "Tasha," that she had been attacked at the Patio Bar and that she had "kicked three dudes." Tran Decl. Ex. B ("Purnell 911 Call"). Meanwhile, Thomas Jones also called the police and Officers Reis and Foley were dispatched to the Patio Bar. Dkt. No. 104-3, Reis Decl. ¶ 3. Thomas told the officers that a black female and two males had brought outside liquor into the bar and were asked to leave. *Id.* at ¶ 3. He said that as he was escorting them out, the female became physically violent, kicked him in the stomach and legs, and tackled him to the ground before fleeing the bar on foot. *Id.* Thomas believed the female might have been under the influence of something other than alcohol because she was unusually strong, and he stated that he wanted to prosecute the assault. *Id.*

Officer Reis received a dispatch over her radio advising that a female named Tasha had called the police claiming she was the victim of an altercation at the Patio Bar. *Id.* at ¶ 4. The dispatcher noted that the caller had been uncooperative and had hung up. *Id.* The dispatcher told Officer Reis that the caller was in the area of Poplar Avenue and Bryant way. *Id.* Another officer then told Reis that he observed someone matching the description in a yard on Poplar Avenue and Bryant Way and Officers Reis and Foley drove to the location. *Id.*

Upon arrival, Officers Reis and Foley approached Ms. Purnell. Officer Reis's Body Worn Camera ("BWC") recorded the interaction. Reis Decl. Ex C, ("BWC Video #1). The number of officers and police cars at the scene is disputed, but the BWC footage shows at least three officers present. None of the officers that can be seen in the footage drew their guns at any point. *Id.* Ms. Purnell initially denied that she had been at the Patio Bar or that she had called 911. *Id.* The officers repeatedly asked Ms. Purnell to keep her hands out of her pockets and Ms. Purnell repeatedly responded that she had cut her leg and was uncomfortable. *Id.* Officer Reis asked Ms. Purnell if she could search her and Ms. Purnell said yes, but during the search Ms. Purnell did not

comply with Officer Reis's instruction to widen her stance and put her hands behind her back. *Id.* As Officer Reis searched Ms. Purnell, Ms. Purnell recanted her earlier statement and admitted she was at the Patio Bar but she claimed she was the victim of an attack by five people and she kicked at them to get away. *Id.* Officer Reis handcuffed Ms. Purnell, explaining that she was not under arrest but was merely being detained. *Id.* Ms. Purnell stated repeatedly that she was the victim, not the aggressor. *Id.*

After Ms. Purnell was handcuffed, Officer Cheng arrived on scene with Rebecca and Thomas Jones for a field show up. Officer Cheng parked his patrol vehicle approximately 30 to 40 feet away and across the street from Ms. Purnell who was standing on the opposite side of the street with Officer Reis. Cheng. Decl. ¶ 5. Rebecca and Thomas Jones positively identified Ms. Purnell. *Id.* Officer Cheng did not leave his vehicle. *Id.* at ¶ 6. Officer Cheng informed Officer Reis of the positive identification by radio and Officer Reis then placed Ms. Purnell under arrest for battery and for being drunk in public. BWC Video #1. Officer Cheng dropped Thomas and Rebecca back off at the bar and had no further role in Ms. Purnell's detention and arrest. Cheng Decl. at ¶¶7-8; Reis Decl. ¶ 8.

Once Ms. Purnell was placed under arrest, she began crying and shouting at the officers. BWC Video #1. Officer Reis placed Ms. Purnell in the back of the patrol vehicle. *Id.* Ms. Purnell testified that while she was in the back seat of the patrol vehicle, her head was "pounding and spinning." Purnell Depo. at 158:18. Officer Reis contends that she observed Ms. Purnell vomit, while Ms. Purnell contends that she simply spat in the car. Reis Decl. ¶ 9; Purnell Depo. at 176:15-177:12. A second clip from Officer Reis's body worn camera shows Ms. Purnell slumped in the back of the patrol car and Officers Reis and Foley attempting to help Ms. Purnell sit up straight after this incident. Reis Decl. Ex. D (BWC Video #2). Officer Reis held Ms. Purnell's hair away from her face and Officer Foley pulled Ms. Purnell up from behind. *Id.* Ms. Purnell contends that Officer Foley pulled her hair while trying to force her to sit up. Purnell Depo. at 178:10-179:6.

Officers Reis and Foley transported Ms. Purnell to the Santa Clara County Jail. The series

Case No.: 5:18-cv-02113-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
3

of events that occurred at the jail are largely disputed. Upon arrival, Officers Reis and Foley walked Ms. Purnell inside and searched her before turning her over to the jail correctional officers. Reis Decl. ¶ 10. Ms. Purnell remained handcuffed throughout this time. *Id.* at ¶ 11. Officer Reis testified that while she was searching Ms. Purnell, Ms. Purnell began screaming and became violent and combative. *Id.* According to Officer Reis, she backed away from Ms. Purnell as four jail correctional officers came over and took Ms. Purnell down to the ground. *Id.* The correctional officers placed Ms. Purnell in wrist and ankle shackles and returned the handcuffs to Officer Reis. *Id.* Officer Reis claims that she had no further physical contact with Ms. Purnell and she and Officer Foley left the jail shortly thereafter. *Id.* Ms. Purnell claims that as soon as she entered the jail, at least nine officers rushed at her and tackled her to the ground. Purnell Depo at 181:6-182:19. She recalls that an Asian male was among those who rushed at her but could not recall who exactly participated in the incident. *Id.* at 182:1-3.

Ms. Purnell spent 8 or 9 hours in the jail overnight before being released. During that time, she was examined by a jail nurse and had her mental health assessed. Santa Clara County Sheriff's Office Records, Tran Decl. Ex. F, Dkt. No. 104-2. Medical records show that she was being "immature and defiant" and her clinical assessment results show that Ms. Purnell was intoxicated. *Id.*

On April 6, 2018, over a year after her arrest, Ms. Purnell filed the present action against Officers Reis and Cheng, alleging violations of her civil rights under 42 U.S.C. §§ 1981 and 1983. This Court previously dismissed Ms. Purnell's claims under § 1981 and her claim for deprivation of basic human needs and deprivation of serious medical need. *See* Dkt. Nos. 34, 47, 61. During discovery, Ms. Purnell sought to obtain video footage from the Santa Clara County Jail where she alleges that she was attacked by multiple officers. *See* Dkt. No. 48. Defendants explained that they are not in possession of Santa Clara County Jail videos because Santa Clara County is a separate legal entity from the City of Sunnyvale. *See* Dkt. No. 71. In a hearing on the issue, Magistrate Judge Cousins also explained to Ms. Purnell that she could not compel the production of evidence not in the possession of the Defendants. Dkt. No. 83. Judge Cousins counseled Ms.

Case No.: 5:18-cv-02113-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
4

Purnell that she must issue subpoena on the County of Santa Clara in order to obtain the video footage. *Id.* Plaintiff did not issue such a subpoena and never obtained a copy of the video footage.

On May 14, 2020, Defendants filed the present motion for summary judgment. Ms. Purnell opposes summary judgment.

## II.  Legal Standard

A court must grant summary judgment if the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to satisfy this burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Id.*

If the moving party meets its burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id.* at 1103. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, Rule 56(c) mandates the moving party win the motion for summary judgment. *See id.*

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment." *Hamm v. Mercedes-Benz USA, LLC*, No. 5:16-CV-03370-EJD, 2019 WL 4751911, at *2 (N.D. Cal. Sept. 30, 2019); *see also Matsushita Elec. Indus. Co.*, 475 U.S. at 587 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

### III. Discussion

Plaintiff brings her claims against Defendants under 42 U.S.C. § 1983, alleging that Defendants used excessive force in violation of her civil rights under the Fourth Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Hart v. Kernan*, No. 19-04331 EJD (PR), 2019 WL 6612118, at *1 (N.D. Cal. Dec. 5, 2019) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

"In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "[S]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Hillblom v. Cnty. of Fresno*, 539 F.Supp.2d 1192, 1206 (E.D. Cal. 2008); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must further show that the Defendants' unconstitutional conduct was the actual and proximate cause of injury. *White v. Roper*, 901 F.2d 1501, 1501-1506 (9th Cir. 1990); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In her deposition, Plaintiff pointed to three distinct moments when she contends that Defendants used excessive force. First, she stated in her deposition that a Caucasian male officer pulled her hair and hoodie when she was first placed in the back seat of the squad car, during the arrest. *See* Purnell Depo. at 174:10-176:23, 177:19-24, 178:8-179:6. The BWC footage from the initial encounter and arrest shows no evidence of hair-pulling or other excessive force by the Defendants or any officer present at the scene. *See* BWC Video #1; BWC video #2. Plaintiff has not included these allegations in any of her declarations nor has she provided any other evidence in support of these allegations. Furthermore, Plaintiff does not address these allegations in her Opposition to the motion for summary judgment or accompanying separate statement of material facts. Given the lack of evidence on this point and the BWC evidence to the contrary, the Court

Case No.: 5:18-cv-02113-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1 finds that there is no genuine issue of material fact with respect to this argument.

2  Second, Plaintiff argues that while being transported to jail, she requested medical assistance for the injuries she sustained in her altercation at the Patio Bar. She alleges that Officer Reis ignored her pleas for medical assistance. This Court already considered and dismissed Ms. Purnell's claims for deliberate indifference to serious medical need with prejudice. Dkt. No. 61. Thus, the Court need not reconsider the arguments in Ms. Purnell's Opposition related to the lack of medical assistance.

 Finally, Ms. Purnell's Opposition and her supporting declarations primarily focus on her claim that Defendants and other officers used excessive force when they allegedly tackled her to the ground at the Santa Clara County Jail. Ms. Purnell offers her own declarations as evidence and argues that these declarations show a genuine issue of material fact sufficient to withstand Defendants' motion for summary judgment. Ms. Purnell submitted two declarations in support of her opposition to defendants' motion to dismiss, styled as "Plaintiff's Separate Statement of Material (Genuine) Facts." Dkt. No. 112. These declarations state in relevant part: "Defendant named Chen Clyde #11340, joined defendant Reis, along with a host of jail deputies, and threw me up against the wall, and the floor," and "I was thrown to the floor by both defendants (assisted by 9 john doe deputies)." Plaintiff Declaration Supporting (Purnell Decl. 1) ¶ 4; Plaintiff Georgette G. Purnell Declaration ("Purnell Decl. 2") ¶ 3. Defendants argue that this statement contradicts Ms. Purnell's deposition testimony in which she stated that she could not identify "who did what" at the jail and recalled speaking with a "male Asian officer" at the jail, but could specifically identify Officer Cheng. Purnell Depo. at 195:9-197:21.

 Courts have held "with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Systems Corp.*, 526 U.S. 795, 806 (1999) (collecting cases); *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth

Case No.: 5:18-cv-02113-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
7

1   Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior

2   deposition testimony.").

3         The Court finds that Ms. Purnell's two declarations directly contradict her prior sworn

4   testimony. *Compare* Purnell Depo at 188:10-15 ("all of them participated . . . we don't have to

5   distinguish between the two because they all engaged in [the attack].") and 195:9-15 ("I keep

6   explaining to you that I can't identify exactly who did what. If I'm being attacked by multiple

7   officers, my face is pinned up against the wall. I feel – I'm just telling them – just describing to

8   you what happened. You can't keep asking me which particular officer did this and this and

9   that.") *with* Purnell Decl. 2 ("It was at this time I was thrown to the floor by both defendants

10  (assisted by 9 john doe deputies")). Because Ms. Purnell stated clearly and repeatedly at her

11  deposition that she did not know who attacked her at the Santa Clara County Jail, she cannot now

12  claim that she has personal knowledge that Officers Reis and Cheng participated in the alleged

13  attack. Thus, the Court finds that Ms. Purnell's declarations do not, without more, create a

14  genuine issue of material fact for trial.

15        Ms. Purnell offers no other evidence indicating that either Defendant participated in the

16  attack at the jail. Defendants, on the other hand, both offer their own declarations stating

17  definitively that they did not attack Ms. Purnell. Officer Cheng testified that he was not present at

18  the jail at all when Ms. Purnell was being booked. Cheng Decl. ¶ 10. Officer Reis declared that

19  she had been searching Ms. Purnell at the jail, when Ms. Purnell began "screaming, verbally

20  abusive, refused to comply with the search, became combative and began violently twisting and

21  turning her body." Reis Decl. ¶ 11. She further states that Officer Foley grabbed Ms. Purnell's

22  right arm to hold her in place while Officer Reis "back away from Purnell completely." *Id.* Reis

23  claims that at that point, four correctional officers immediately came to assist and "took Purnell

24  down to the ground." *Id.* While Officer Reis's account substantiates Ms. Purnell's claim that she

25  was taken down by correctional officers, it also indicates that Officer Reis herself did not

26  participate in the incident. The undisputed fact that other officers took Ms. Purnell to the ground

27  is not sufficient evidence on which to base a claim against Officer Reis. A defendant cannot be

28  Case No.: 5:18-cv-02113-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

held liable under §1983 based on a "team effort" theory, which "lump[s] all the defendants together, rather than requir[ing] [plaintiff] to base each individual's liability on his own conduct." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009); *Chuman*, 76 F.3d at 295 (holding that that a police officer's "[b]eing a mere bystander [to his colleagues' conduct] was insufficient" to support § 1983 liability).

Ms. Purnell argues that video footage from the Santa Clara County Jail will confirm her version of events, however, no such video footage is before the Court. During the discovery process Ms. Purnell requested the video footage from Defendants, who informed her that the footage was not in their possession because Sunnyvale and Santa Clara are separate legal entities. Ms. Purnell sought to compel production of the footage. In November 2019, the issue was fully briefed and heard by Judge Cousins, who denied the motion to compel and made clear to Ms. Purnell that if she wanted to obtain the footage she must subpoena the records from Santa Clara County. *See* Dkt. No. 83 ("The reason why I haven't ordered the City to provide tapes from the [Santa Clara] County Jail is that the City does not have possession, custody or control over the County Jail . . . both parties could, under Federal Rule of Civil Procedure 45, seek discovery from a third party like the County, but in order to get their records you need to direct a subpoena to the County for the jail records . . . what you can do—and I can't advocate for you and do this for you—is to seek records under Rule 45 directly from the County."). Judge Cousins also referred Ms. Purnell to the Federal Pro Se Program for assistance with subpoenaing the footage from the County. Mr. Purnell did not subpoena the footage, despite ample time to do so. *Id.* While the Court acknowledges the challenges of pursuing discovery as a pro se plaintiff, the Court cannot deny summary judgment based on Ms. Purnell's characterization of evidence that she herself has not seen and that is not before the Court.

Given the evidence presented by Defendants and the lack thereof from Ms. Purnell, the Court finds that Defendants have met their burden to show that no genuine issue of material fact exists. With the exception of her declarations, which contradict her deposition testimony, Ms. Purnell has not submitted any evidence to substantiate her claims. Summary judgment must

Case No.: 5:18-cv-02113-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
9

therefore be granted in favor of Defendants. Because the Court finds as a threshold matter that Ms. Purnell does not have sufficient evidence to show the elements of her claims against Officers Reis and Cheng at trial, the Court need not address the arguments regarding qualified immunity.

### IV. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED** in full and Plaintiff's excessive force claims are **DISMISSED WITH PREJUDICE**. All pretrial deadlines and hearing dates are **VACATED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 8, 2020

EDWARD J. DAVILA
United States District Judge